**UNITED STATES of America,**
**Appellee,**

v.

**Ibrahim QUNBAR, Defendant–**
**Appellant.**

**No. 05–4738–CR.**

United States Court of Appeals,
Second Circuit.

May 25, 2006.

James M. Branden, New York, NY, for Defendant–Appellant.

Jason A. Jones, Assistant United States Attorney, (Emily Berger, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief) Brooklyn, NY, for Appellee.

Present: ROGER J. MINER and ROSEMARY S. POOLER, Circuit Judges,

and JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Defendant-appellant Ibrahim Qunbar appeals from the August 29, 2005, judgment of conviction entered against him in the Eastern District of New York (Amon, J.) for willfully failing to file a currency report in violation of 31 U.S.C. §§ 5316, 5322. We assume the parties familiarity with the facts, procedural history, and specification of issues on appeal.

In evaluating Qunbar's claim that there was insufficient evidence to support his conviction, "[t]he evidence presented at trial should be viewed in the light most favorable to Government, crediting every inference that the jury might have drawn in favor of the Government." *United States v. Zhou*, 428 F.3d 361, 369 (2d Cir.2005). Furthermore, we cannot "substitute our own determinations of credibility or the relative weight of the evidence for that of the jury." *Id.* at 370. Appellant cannot prevail on a claim of insufficiency of the evidence "if any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt." *Id.* (citation omitted).

Section 5322 of Title 31 of the United States Code makes it a crime to willfully fail to file a currency report as required by 31 U.S.C. § 5316 whenever an individual transports more than $10,000 into or out of the United States. Because Officer Buchan testified that he told Qunbar that he had to fill out a form if he was carrying more than $10,000, that Qunbar reported he was carrying $12,000, and that Qunbar was later found to be carrying more than $22,000, over $17,000 of which was on his person, we cannot find that the evidence

was insufficient. The jury was entitled to credit this testimony. Because Buchan testified that Qunbar was *personally* carrying this money, Qunbar's arguments that he did not know he had to report money his wife was carrying are irrelevant. As to Qunbar's other arguments, we must defer to the jury's evaluations of credibility and the weight of the evidence. *Zhou*, 428 F.3d at 369–70.

For the foregoing reasons, the judgment of the district court is AFFIRMED.